UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLONIAL LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DELORIS JEAN GILLIS, et al.,<br><br>　　　　　　　　Defendant. | CASE NO. C25-0350-KKE<br><br>ORDER DENYING MOTION FOR INTERPLEADER WITHOUT PREJUDICE |

Plaintiff Colonial Life and Accident Insurance Company ("Colonial") brings this case to interplead the disputed death benefits of Joe Ingram Gillis ("Decedent") under 28 U.S.C. § 1355 and Local Civil Rule 67(d).  Dkt. No. 6.

For the Court to have subject matter jurisdiction under 28 U.S.C. § 1335, the amount in dispute must exceed $500 and there must be "[t]wo or more adverse claimants, of diverse citizenship[.]"  28 U.S.C. §1335(a)(1).  Colonial alleges such minimally diverse claimants.  Dkt. No. 1 ¶¶ 3–9 (Decedent's wife, one child, and two grandchildren are citizens of Washington and a second child, and two other grandchildren are citizens of Texas).  But for purposes of establishing diversity jurisdiction, the Court can only consider the citizenship of served parties.  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1266 (9th Cir. 1992) ("[A] party cannot create diversity by naming as a defendant a party who is not in fact brought into the lawsuit by service of process.").

The record only reflects service of the complaint and motion on Washington-based claimants. *See* Dkt. Nos. 5, 9–11.

Accordingly, the motion for interpleader is DENIED. Dkt. No. 6.

Colonial must provide proof of service under Federal Rule of Civil Procedure 4(m) for at least one diverse claimant by May 26, 2025 or the case will be dismissed for lack of subject matter jurisdiction.

Dated this 7th day of April, 2025.

*Kymberly K. Evanson*

Kymberly K. Evanson
United States District Judge