1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COLONIAL LIFE AND ACCIDENT
INSURANCE COMPANY,

                Plaintiff(s),

    v.

DELORIS JEAN GILLIS, et al.,

                Defendant(s).

CASE NO. C25-0350-KKE

ORDER GRANTING IN PART AND
DENYING IN PART MOTIONS FOR
DEFAULT JUDGMENT

13
14
15
16
17
18
19

      This matter comes before the Court on Plaintiff Colonial Life and Accident Insurance Company's ("Colonial") motions for default judgment against Defendants Anitra C. Gillis ("Anitra") and Joseph I. Gillis, Jr. ("Joseph").[1]  Dkt. Nos. 39, 40.  For the reasons below, the Court largely grants the motions.  However, the motions ask the Court to declare that the non-appearing Defendants have no rights to certain disputed life insurance benefits.  Such a declaration would be premature at this point and, in any event, is not demanded in Colonial's complaint.  Accordingly, the Court will deny the motions insofar as they seek such relief.

20

## I.   BACKGROUND

21
22

      This is an interpleader action involving competing claims to death benefits payable under two life insurance policies issued by Colonial.  Colonial issued the policies to Joe Ingram Gillis

23
24

---

[1] Because many of the Defendants share a surname, this order refers to Anitra and Joseph by their first names for clarity.  No disrespect is intended.

(the "Decedent"), ensuring that, in the event of his death, Colonial would pay a combined total of $103,104 to his designated beneficiaries. Dkt. No. 1 ¶¶ 13, 15, 1–17.  In August 2020, Colonial received forms signed by the Decedent designating six beneficiaries, all of whom are his children or grandchildren: his daughter, Jennifer C. Edmonds ("J. Edmonds"); his son, Joseph Ingram Gillis, Sr. ("J. Gillis, Sr."); and his four grandchildren, D.E., D.D.E., Anitra, and Joseph.[2] *Id.* ¶¶ 4–9, 18.  The Decedent died on April 19, 2024, resulting in death benefits becoming payable under the policies. *Id.* ¶ 14–15.  His spouse, Deloris Gillis, was not a designated beneficiary at the time. *Id.* ¶ 19.

After their father's death, J. Gillis, Sr. (on his own behalf) and J. Edmonds (on behalf of herself and her two minor children) made claims to Colonial for the death benefits. *Id.* ¶ 20–21. Although not listed as a beneficiary, Deloris Gillis made a competing claim to 50% of the benefits based on Washington's community property law. *Id.* ¶ 22.  Colonial distributed (or is in the process of distributing) the undisputed 50% to the named beneficiaries. *Id.* ¶ 24.  Colonial then instituted this interpleader action to resolve the adverse claims to the disputed half.

Colonial filed its interpleader complaint in February 2025, naming all six listed beneficiaries and Deloris Gillis as defendants. *See id.* at 1.  The complaint states that Colonial "is a disinterested stakeholder" with no position on who is entitled to the funds. *Id.* ¶ 29.  But because of the competing claims, Colonial is "unable to discharge its admitted liability under the Policies without exposing itself to multiple liability, multiple litigation, or both." *Id.* ¶ 28.  Accordingly, Colonial sought to deposit the disputed funds into the Court's registry under the federal interpleader statute, 28 U.S.C. § 1335, and requested an order releasing it from liability under the policies, enjoining each Defendant from suing Colonial to recover the funds, and requiring

---

[2] D.E. and D.D.E.—who are referred to by their initials because they are minors—are J. Edmonds' children. Dkt. No. 1 ¶ 5.

Defendants to litigate—and for the Court to resolve—the competing claims to the disputed benefits in this action. *Id.* at 7.

Colonial obtained waivers of service from each Defendant. Dkt. Nos. 5, 7, 9, 10, 21–24. But only Deloris Gillis; J. Gillis, Sr.; and J. Edmonds—on behalf of herself, D.E., and D.D.E.— answered the complaint. Dkt. Nos. 13, 20, 30. Anitra and Joseph never answered, and the clerk entered defaults against them. Dkt. Nos. 34, 37. The Court granted Colonial's motion to deposit the disputed funds, totaling $51,552 plus interest, into the Court's registry. Dkt. Nos. 29, 31. And Colonial deposited the funds in June 2025. Dkt. No. 33.

Colonial now moves for default judgment against Anitra and Joseph. Dkt. Nos. 39, 40. In its motions, it asks the Court to enter default judgments enjoining and restraining both Defendants from instituting or prosecuting any action against Colonial to recover the disputed death benefits and discharging Colonial from liability to Anitra and Joseph under the policies. Dkt. No. 39 at 5, Dkt. No. 40 at 5. It also asks the Court to "determin[e] and declar[e] that" Anitra and Joseph "ha[ve] no right to all or any portion of the remaining death benefits due under the Policies." *Id.*

Colonial has since filed a motion for interpleader relief, discharge of liability, dismissal with prejudice, and attorney's fees, which remains pending. Dkt. No. 41.

## II.    DISCUSSION

### A.    Jurisdiction

When evaluating a motion for default judgment, the Court begins by examining its jurisdiction. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The Court has subject matter jurisdiction over this interpleader action under 28 U.S.C. § 1335 because two or more claimants to the disputed death benefits are of diverse citizenship and the benefits exceed $500. Dkt. No. 1 ¶¶ 2–9, 11. The Court also has personal jurisdiction over Anitra and Joseph, both of whom reside in Washington and waived service of summons and the complaint. *Id.* ¶¶ 8–9; Dkt. Nos. 9, 21.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

**B.      Interpleader Procedure**

An interpleader action involves two stages:  In the first, "the district court decides whether the requirements for rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund."   *Mack v. Kuckenmeister*, 619 F.3d 1010, 1023 (9th Cir. 2010) (quoting *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir.1999)).  At this stage, if the interpleader-plaintiff satisfies the requirements and has no other interest in the disputed funds, the Court may issue an order discharging the plaintiff from liability, enjoining the parties from instituting actions against it, and awarding appropriate attorneys' fees and costs.  28 U.S.C. § 2361; *Field v. United States*, 424 F. Supp. 3d 904, 908 (E.D. Cal. 2019) (citing cases).  At the second stage, assuming the district court determines interpleader is proper, it "will then make a determination of the respective rights of the claimants." *Mack*, 619 F.3d at 1023–24 (quoting *Rhoades*, 196 F.3d at 600).

This case is currently in the first stage.  Colonial remains a party to the action, its motion for interpleader relief is still pending, and the claimants have not begun litigating their respective claims to the disputed benefits.  With this procedural context in mind, the Court considers whether Colonial is entitled to default judgment and whether the relief it seeks is appropriate at this stage.

**C.      Legal Standard for Default Judgment**

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure.  The Rule permits the Court to enter default judgment against a party that fails to appear or otherwise defend in an action.  Fed. R. Civ. P. 55.  In reviewing a motion for default judgment, the court "takes the well-pleaded factual allegations in the complaint," except for those related to damages, "as true." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (quoting *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir.1992)) (cleaned up); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).  "However, necessary facts not

contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps*, 980 F.2d at 1267.

A court's decision to enter a default judgment is discretionary. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, the Court considers the following factors: (1) the possibility of prejudice to the plaintiff if relief is denied, (2) the merits of a plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important *Eitel* factors." *Fed. Nat. Mortg. Ass'n v. George*, No. EDCV 14-01679-VAP (SPx), 2015 WL 4127958, at *3 (C.D. Cal. July 7, 2015). This district also requires a party seeking default judgment to provide "a declaration and other evidence establishing plaintiff's entitlement to a sum certain and to any nonmonetary relief sought." Local Rules W.D. Wash. LCR 55(b)(2).

If "the court determines that a default judgment should be entered[,]" it then "determines the amount and character of the relief that should be awarded." *Olson Kundig, Inc. v. 12th Ave. Iron, Inc.*, No. C22-0825JLR, 2023 WL 3269759, at *3 (W.D. Wash. May 5, 2023) (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987)).

**D.    *Eitel* Factors**

Considering the *Eitel* factors, the Court agrees with Colonial that default judgment against Anitra and Joseph is appropriate. However, declaring the validity of any claimant's, or potential claimant's, rights to the disputed benefits at this stage would be premature. The Court therefore

defers determining whether Anitra and Joseph are entitled to any part of the benefits until a later stage.

    1.  <u>Possible Prejudice to the Plaintiff</u>

The first *Eitel* factor is the possibility of prejudice to the plaintiff.  782 F.2d at 1471.  "[P]rejudice exists where the plaintiff has no recourse for recovery other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (cleaned up).  Here, absent default judgment, Colonial would be prejudiced because it would continue to face the possibility of multiple liability and litigation from Anitra and Joseph outside this action.  Entering default judgment would avoid this prejudice by discharging Colonial of liability and enjoining the non-appearing Defendants from suing Colonial in other courts to recover the funds.  *See Metro. Life Ins. Co. v. Moore*, No. 3:24-CV-05890-TMC, 2025 WL 1993211, at *2 (W.D. Wash. July 17, 2025) (finding that, absent default judgment, plaintiff-interpleader "would be denied the benefits of the interpleader process, i.e., protecting stakeholders from multiple liability as well as from the expense of multiple litigation.") (cleaned up).

Colonial would not be prejudiced, however, if the Court declines, at this time, to declare that Anitra and Joseph have no rights to the disputed benefits.  Indeed, Colonial's complaint confirms it has no stake in who ultimately has the better claim.  Dkt. No. 1 ¶¶ 28–29.  In some interpleader cases, declaring a defaulting claimant to have forfeited rights to the disputed funds is necessary for the litigation to proceed because otherwise there would be no adverse claimants before the court to litigate the claims.  *See, e.g., Sun Life Assurance Co. of Canada v. Est. of Wheeler*, No. C19-0364JLR, 2020 WL 433352, at *4 (W.D. Wash. Jan. 28, 2020) (holding, where one of two claimants never appeared, appearing claimant would have "no way to resolve her claim other than default judgment"); *Standard Ins. Co. v. Asuncion*, 43 F. Supp. 3d 1154, 1156 (W.D. Wash. 2014) (same where appearing claimants were aligned, and adverse claimant never

appeared).  Here, however, Anitra's and Joseph's participation is not necessary:  Their family members, J. Edmonds and J. Gillis, Sr., have appeared and will litigate the position that the benefits should be distributed to the beneficiaries named in the policies—which includes Anitra and Joseph.  *See* Dkt. Nos. 20, 30.

Thus, the first *Eitel* factor favors default judgment but does not favor declaring Anitra's and Joseph's rights to the disputed benefits at this time.

2.  <u>Substantive Merits of the Claim and Sufficiency of the Complaint</u>

The second and third factors, which "are often analyzed together," consider whether the plaintiff has a viable claim.  *Curtis*, 33 F. Supp. 3d at 1211 (citing *PepsiCo Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal 2002)).  These two factors support default judgment if the plaintiff's complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  When a complaint sufficiently states a claim for relief, then the second and third *Eitel* factors favor default judgment.  *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

Here, the complaint sufficiently states a claim for interpleader relief against Anitra and Joseph.  To state an interpleader claim, the plaintiff-stakeholder must show it has "control over a particular fund[,]" that there are "multiple, adverse claims" to the fund, and that the plaintiff has "a reasonable fear of multiple liability." *Field*, 424 F. Supp. 3d at 907 (citations omitted).  Colonial plausibly alleges that, prior to depositing the funds in the registry, it controlled the disputed death benefits and that Defendants' competing, adverse claims threaten to expose Colonial to multiple liability.  Dkt. No. 1 ¶¶ 20–23, 28–29.  Colonial further alleges Anitra and Joseph are among the potential claimants because they are listed as beneficiaries on the change of beneficiaries form. *Id.* ¶ 18.  Colonial has therefore adequately pleaded a claim for interpleader relief against both non-appearing Defendants.

1  The complaint does not, however, allege that Anitra and Joseph are disentitled to any

2  portion of the disputed benefits. To the contrary, it states "Colonial is unable to determine which

3  Defendant is entitled to all or a portion of the" benefits. Dkt. No. 1 ¶ 28. And the complaint does

4  not allege facts that would resolve the dispute one way or the other. In Washington, "[a] surviving

5  spouse has a community property interest in a life insurance policy … to the extent that community

6  funds were used to purchase the policy." *Aetna Life Ins. Co. v. Bunt*, 754 P.2d 993, 995 (Wash.

7  1988), *opinion modified on denial of reconsideration* (July 28, 1988). If community funds

8  purchased the entire policy, the surviving spouse is typically entitled to half the policy's proceeds,

9  unless the surviving spouse consented to naming other beneficiaries. *Francis v. Francis*, 573 P.2d

10 369, 371–72 (Wash. 1978). If community funds paid for part of the policy, the Court apportions

11 the proceeds in proportion to the percentage that was paid with community funds. *Porter v. Porter*,

12 726 P.2d 459, 463 (Wash. 1986). Colonial's complaint does not allege whether community funds

13 purchased the policy at issue here or whether Deloris Gillis consented to the designation of the

14 other claimants as beneficiaries. Thus, the complaint contains no facts from which the Court could

15 determine that Anitra and Joseph have no rights to the disputed benefits.

16     Like the first factor, the second and third *Eitel* factors favor default judgment but do not

17 favor declaring that Anitra and Joseph have no rights to the disputed death benefits.

18     3.  <u>Sum of Money at Stake</u>

19     *Eitel*'s fourth factor considers "whether the amount of money requested is proportional to

20 the harm caused." *Sun Life Assurance Co. of Canada*, 2020 WL 433352, at *4. "This factor is

21 neutral in interpleader actions." *Id.* (citing *Asuncion*, 43 F. Supp. 3d at 1156). The fourth factor

22 therefore weighs neither for nor against default judgment.

23

24

1    4.   Possible Dispute Concerning Material Facts

2        The fifth factor considers the possibility of a dispute as to any material facts in the case.

3    "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those

4    relating to damages." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  Accordingly, there are no disputes

5    as to Colonial's claims for interpleader relief against Anitra and Joseph.  But there are disputed

6    facts as to who can claim the remaining benefits: Deloris Gillis or the named beneficiaries

7    (including the non-appearing Defendants).  As discussed, the allegations in Colonial's complaint

8    do not resolve this dispute.

9        The fifth factor, again, favors default judgment but does not favor declaring the rights of

10   Anitra and Joseph.

11   5.   Possibility of Excusable Neglect

12       The sixth *Eitel* factor—whether default may have been the product of excusable neglect—

13   weighs in favor of default judgment.  In the default judgment context, there is no excusable neglect

14   where a defendant is "properly served with the Complaint, the notice of entry of default, and the

15   papers in support of the default judgment motion."  *Getty Images (US), Inc. v. Virtual Clinics*, No.

16   C13-0626JLR, 2014 WL 358412, at *5 (W.D. Wash. Jan. 31, 2014) (cleaned up).  Here, Anitra

17   and Joseph returned waivers of service of summons dated March 30 and March 13, 2025,

18   respectively.  Dkt. Nos. 9, 21.  Colonial has certified that it served the notices of entry of default

19   and the papers supporting its default judgment motions on them.  Dkt. Nos. 35, 38; Dkt. No. 39 at

20   7; Dkt. No. 40 at 7.   And Colonial's counsel sent several emails to both Anitra and Joseph

21   informing them that failing to respond to the complaint could result in the entry of default against

22   them.  Dkt. Nos. 32-3, 32-4, 32-5, 32-6, 36-3, 36-4, 36-5.  Anitra did not respond.  Dkt. No. 36 ¶

23   5.  And Joseph responded, telling Colonial's counsel to "[p]roceed with [d]efault" and "[p]lease

24   release appropriate funds to Deloris Gillis as community property state law [sic]."  Dkt. No. 32-6.

This factor therefore favors default judgment.

6. <u>Policy Favoring Decisions on the Merits</u>

The final factor considers the policy underlying the Federal Rules of Civil Procedure that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Often, "when a party fails to appear, it becomes 'impractical, if not impossible to reach a decision on the merits.'" *Nat'l Ins. Crime Bureau v. Wagner*, No. C19-0730JLR, 2021 WL 351355, at *3 (W.D. Wash. Feb. 2, 2021) (quoting *Asuncion*, 43 F. Supp. 3d at 1157).

Here, Anitra and J. Gillis Jr.'s failure to answer the complaint makes it impractical to decide the merits of Colonial's interpleader claim against them. But, as discussed above, it does not prevent the Court from determining, on the merits, whether they can claim any part of the disputed death benefits. Indeed, the Court may have to do so because J. Edmonds and J. Gillis, Sr. have appeared, and they claim the benefits must be distributed to the named beneficiaries under the policies. Dkt. Nos. 20, 30; *see Metro. Life Ins. Co.*, 2025 WL 1993211, at *2–4 (granting default judgment against non-appearing claimant but ordering disbursement to both appearing and non-appearing claimants pursuant to deceased's designation of beneficiaries).

Thus, while the Court is not precluded from entering default judgment against Anitra and J. Gillis Jr., the policy favoring resolution on the merits weighs against declaring their rights to the benefits at this time.

**E.    Relief Sought**

As discussed, many of the *Eitel* factors disfavor granting Colonial's request to declare Anitra and Joseph to have no rights to the disputed death benefits. Indeed, the Federal Rules of Civil Procedure prohibit the Court from issuing a default judgment that grants relief not demanded in the complaint. Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from … what is demanded in the pleadings."). And Colonial's

complaint expressly takes no sides in the dispute over the remaining benefits. Dkt. No. 1 ¶ 29. The Court will therefore defer determining Anitra's and Joseph's rights to the benefits and deny Colonial's motion to this extent.

All the *Eitel* factors, however, favor default judgment in a more limited form. Colonial requests default judgments against each non-appearing claimant discharging Colonial of liability and enjoining each claimant from suing Colonial over the disputed funds. The complaint supports this relief and the *Eitel* factors favor granting it. Accordingly, the Court will grant Colonial's motion in large part.

### III. CONCLUSION

Accordingly, the Court ORDERS that:

1) Colonial's Motion for Default Judgment Against Defendant Joseph I. Gillis, Jr. (Dkt. No. 39) and Motion for Default Judgment Against Defendant Anitra C. Gillis (Dkt. No. 40) are GRANTED in part and DENIED in part.

2) The Court will enter default judgments against Defendants Joseph I. Gillis, Jr. and Anitra C. Gillis (1) enjoining and restraining them from instituting or prosecuting any action against Colonial Life & Accident Insurance Company related to the recovery of the remaining death benefits payable under policy numbers 7028395490 and 6034449440 issued to Decedent Joe Ingram Gillis and which funds have been interpled with the Court; and (2) discharging Colonial Life & Accident Insurance Company from any and all liability to Joseph I. Gillis, Jr. and Anitra C. Gillis under policy numbers 7028395490 and 6034449440 based on the death of Joe Ingram Gillis.

3) The Court DENIES Colonial's Motions insofar as Colonial requests that the Court determine and declare that Defendants Joseph I. Gillis, Jr. and Anitra C. Gillis have no

right to all or any portion of the remaining death benefits due under policy numbers 7028395490 and 6034449440.

Dated this 27th day of October, 2025.

Kymberly K. Evanson
United States District Judge