UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLONIAL LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>                    Plaintiff(s),<br>  v.<br><br>DELORIS JEAN GILLIS, et al.,<br><br>                    Defendant(s). | CASE NO. C25-0350-KKE<br><br>ORDER TO SHOW CAUSE WHY GUARDIAN AD LITEM SHOULD NOT BE APPOINTED |

This matter comes before the Court *sua sponte*. Defendant Jennifer Edmonds appeared in this action pro se purporting to represent herself and her two minor children, Defendants D.E. and D.D.E. Dkt. Nos. 30, 42. While Edmonds may represent her children in this action, *see* Fed. R. Civ. P. 17(c)(1)(A), she may not do so without an attorney. As the Court previously explained, the Ninth circuit prohibits non-attorney parents from representing their children in lawsuits without a lawyer. *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."). This rule is intended to protect minors, because "'[i]t goes without saying that it is not in the interest of minors … that they be represented by non-attorneys.'" *Id.* at 876–77 (quoting *Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 883 (3d Cir. 1991)) (explaining that, where minors "have claims that require adjudication, they are entitled to trained legal assistance"). Accordingly, on October

ORDER TO SHOW CAUSE WHY GUARDIAN AD LITEM SHOULD NOT BE APPOINTED - 1

17, 2025, the Court ordered that D.E. and D.D.E. must obtain counsel by November 17, 2025, and file a status report identifying their attorney. Dkt. No. 42.

As of this date, Edmonds has not filed a status report indicating that she obtained an attorney to represent D.E. and D.D.E. Under the Federal Rules of Civil Procedure, "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Because Edmonds cannot represent her children without an attorney, they are currently unrepresented. Yet D.E. and D.D.E. have claims and defenses that require adjudication. For instance, Plaintiff Colonial Life and Accident Insurance Company ("Colonial") seeks relief against D.E. and D.D.E. (as well as the other defendants), including a discharge of liability as to all claims to certain disputed life insurance benefits. *See* Dkt. No. 1 at 7, Dkt. No. 41. D.E. and D.D.E. also have claims to the disputed benefits that will become the subject of litigation once Colonial obtains interpleader relief. Dkt. No. 1 at 7 (requesting that defendants "be required to interplead, claim and settle among themselves their rights to the Disputed Death Benefit or any part thereof"). This litigation therefore cannot proceed until D.E. and D.D.E. are represented by counsel.

Accordingly, the Court hereby ORDERS that, by December 29, 2025, Edmonds must either obtain counsel for D.E. and D.D.E. and file a status report identifying the attorney, or else show cause why the Court should not appoint a guardian ad litem to represent D.E. and D.D.E. in this case. A guardian ad litem is "[a] guardian, [usually] a lawyer, appointed by the court to appear in a lawsuit on behalf of an incompetent or minor party." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1052 (E.D. Cal. 2015) (alterations in original) (quoting Black's Law Dictionary (10th ed. 2014)). The guardian—rather than Edmonds—would serve as D.E. and D.D.E.'s representative in this case and would have "authority to engage counsel … and to prosecute, control and direct the litigation." *Id.* (quoting *Noe v. True*, 507 F.2d 9, 12 (6th Cir. 1974)).

The Court further ORDERS that Colonial serve this order on Edmonds no later than December 8, 2025, and file proof of such service.

Dated this 1st day of December, 2025.

*Kymberly K. Evanson*

Kymberly K. Evanson
United States District Judge