UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COLONIAL LIFE AND ACCIDENT
INSURANCE COMPANY,

                 Plaintiff(s),

    v.

DELORIS JEAN GILLIS, et al.,

                 Defendant(s).

CASE NO. C25-0350-KKE

ORDER ON PLAINTIFF'S MOTION FOR
INTERPLEADER RELIEF, DISCHARGE
OF LIABILITY, DISMISSAL WITH
PREJUDICE, AND ATTORNEYS' FEES

This matter comes before the Court on Plaintiff Colonial Life and Accident Insurance Company's ("Colonial") unopposed motion for interpleader relief, discharge of liability, dismissal with prejudice, and attorneys' fees. Dkt. No. 41. Colonial seeks an order releasing it of liability in connection with certain disputed life insurance benefits, dismissing it from this case, and awarding attorneys' fees and costs for bringing this action. For the following reasons, the Court will grant Colonial's motion. The Court will also order the Defendants in this case—Deloris Gillis ("Deloris"), Jennifer C. Edmonds ("J. Edmonds"), Joseph Ingram Gillis, Sr. ("J. Gillis, Sr."), D.E., D.D.E., Anitra C. Gillis ("Anitra"), and Joseph I. Gillis, Jr. ("Joseph")[1]—to file briefs setting forth why they believe they are entitled to all or a portion of the remaining life insurance benefits.

---

[1] Because many of the Defendants share a surname, this order will, for clarity, refer to Deloris, Anitra, and Joseph by their first names. No disrespect is intended. D.E. and D.D.E. are J. Edmonds' children and are referred to by their initials because they are minors. Dkt. No. 1 ¶ 5.

ORDER ON PLAINTIFF'S MOTION FOR INTERPLEADER RELIEF, DISCHARGE OF LIABILITY,
DISMISSAL WITH PREJUDICE, AND ATTORNEYS' FEES - 1

## I.    BACKGROUND

The facts of this case are set forth in the Court's prior order granting in part Colonial's motions for default judgment against two of the Defendants.  Dkt. No. 43.  The Court reiterates the facts here to the extent relevant to Colonial's pending motion.

This is an interpleader action involving competing claims to death benefits payable under two life insurance policies issued by Colonial.  Colonial issued the policies to Joe Ingram Gillis (the "Decedent"), ensuring that, in the event of his death, Colonial would pay a combined total of $103,104 to his designated beneficiaries.  Dkt. No. 1 ¶¶ 13, 15, 1–17.  In August 2020, Colonial received forms signed by the Decedent designating six beneficiaries, all of whom are his children or grandchildren: his daughter J. Edmonds; his son, J. Gillis, Sr., and his four grandchildren— D.E., D.D.E., Anitra, and Joseph.  *Id.* ¶¶ 4–9, 18.  The Decedent died on April 19, 2024, resulting in death benefits becoming payable under the policies.  *Id.* ¶ 14–15.  His spouse, Deloris, was not a designated beneficiary at the time.  *Id.* ¶ 19.

After their father's death, J. Gillis, Sr. (on his own behalf) and J. Edmonds (on behalf of herself and her two minor children) made claims to Colonial for the death benefits.  *Id.* ¶ 20–21.  Although not listed as a beneficiary, Deloris made a competing claim to 50% of the benefits based on Washington's community property law.  *Id.* ¶ 22.  Colonial distributed the undisputed 50% to the named beneficiaries.  *Id.* ¶ 24.  Colonial then instituted this interpleader action to resolve the adverse claims to the disputed half.

Colonial filed its interpleader complaint in February 2025, naming all six listed beneficiaries and Deloris as defendants.  *See id.* at 1.  The complaint states that Colonial "is a disinterested stakeholder" with no position as to who is entitled to the funds.  *Id.* ¶ 29.  Because of the competing claims, Colonial is "unable to discharge its admitted liability under the Policies without exposing itself to multiple liability, multiple litigation, or both."  *Id.* ¶ 28.  Accordingly,

Colonial sought to deposit the disputed funds into the Court's registry under the federal interpleader statute, 28 U.S.C. § 1335, and requested an order releasing it from liability under the policies, enjoining each Defendant from suing Colonial to recover the funds, and requiring Defendants to litigate—and for the Court to resolve—the competing claims to the disputed benefits in this action. *Id.* at 7.

Colonial obtained waivers of service from each Defendant. Dkt. Nos. 5, 7, 9, 10, 21–24. But only Deloris; J. Gillis, Sr.; and J. Edmonds—on behalf of herself, D.E., and D.D.E.—answered the complaint. Dkt. Nos. 13, 20, 30. The clerk ultimately entered defaults against Anitra and Joseph. Dkt. Nos. Dkt. Nos. 34, 37. And the Court partially granted Colonial's motion for default judgment against the two of them, enjoining Anitra and Joseph from suing Colonial over the disputed benefits and discharging Colonial of liability with respect to their claims. Dkt. No. 43 at 11.

The Court also granted Colonial's motion to deposit the disputed funds into the Court's registry. Dkt. Nos. 29, 31. In June 2025, Colonial deposited the funds, which, after the accrual of interest, amounted to $58,255.17. Dkt. No. 33.

In October 2025, the Court directed J. Edmonds, who is representing herself, to obtain counsel for her two minor children, D.E. and D.D.E. Dkt. No. 42. As the Court explained, "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). Having received no response, the Court issued an order to show cause why a guardian ad litem should not be appointed for the two minors and, after again receiving no response, appointed Elena Garella as guardian ad litem to represent D.E. and D.D.E. Dkt. Nos. 45, 47.

Colonial now moves for interpleader relief, discharge of liability, dismissal, and attorneys' fees. Dkt. No. 41. On March 20, 2026, Ms. Garella filed a status report indicating that D.E. and

ORDER ON PLAINTIFF'S MOTION FOR INTERPLEADER RELIEF, DISCHARGE OF LIABILITY, DISMISSAL WITH PREJUDICE, AND ATTORNEYS' FEES - 3

D.D.E. do not oppose the motion. Dkt. No. 50. No other Defendant has opposed the motion. And the motion is now ripe for consideration.

## II.   DISCUSSION

### A.   Legal Standards

In an interpleader action, a plaintiff possessing funds or other property to which there are multiple competing claims may sue each interested party and require the claimants to litigate their claims among each other in a single action. *See Cripps v. Life Ins. Co. of No. Am.*, 980 F.2d 1261, 1265 (9th Cir. 1992); *see generally* 28 U.S.C. § 1335. The purpose of interpleader is "to protect stakeholders from multiple liability as well as from the expense of multiple litigation." *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000), *as amended on denial of reh'g and reh'g en banc* (Nov. 3, 2000).

In the first phase of an interpleader lawsuit, the plaintiff brings the interested parties to court and seeks discharge of its liability as to the disputed property, thereby shielding itself "from the costs of unnecessary, multiple litigations by parties with competing claims." *Standard Ins. Co. v. Asuncion*, No. C14-0134-JCC, 2014 WL 2765728, at *1 (W.D. Wash. June 18, 2014) (citing *Bayona*, 223 F.3d at 1034). At this stage, "the district court decides whether the requirements for rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund." *Mack v. Kuckenmeister*, 619 F.3d 1010, 1023 (9th Cir. 2010) (quoting *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999)). If these requirements are met, the Court may discharge the original plaintiff and proceed to "make a determination of the respective rights of the claimants." *Id.* at 1023–24. (quoting *Rhoades*, 196 F.3d at 600). Upon doing so, the Court may also dismiss the "disinterested stakeholder[]" and "issue injunctions to protect [it] from duplicative litigation from the adverse parties." *N.Y. Life*

*Ins. Co. v. Bostwick*, No. 3:14-cv-05931-RJB, 2015 WL 4484305, at \*2 (W.D. Wash. July 22, 2015) (citing 28 U.S.C. § 2361).

This case is brought under 28 U.S.C. § 1335, which confers jurisdiction over an action if "(i) the money or property at issue is valued at $500 or more; (ii) two or more adverse claimants of diverse citizenship claim to be entitled to the money or property; and (iii) the plaintiff has deposited the disputed funds into the registry of the court." *Asuncion*, 2014 WL 2765728, at \*1. In such an action, the Court has "discretion to award attorney fees" from the interpleaded funds "to a disinterested stakeholder[.]" *Abex Corp. v. Ski's Enterprises, Inc.*, 748 F.2d 513, 516 (9th Cir. 1984).

**B.    Colonial's Motion for Interpleader Relief and Attorneys' Fees**

The Court has jurisdiction over this action under the federal interpleader statute. *See* 28 U.S.C. § 1335. The disputed benefits total $58,255.17 (Dkt. No. 31); at least two of the adverse claimants (Deloris and J. Edmonds) are citizens of diverse states (Washington and Texas, respectively (Dkt. No. 1 ¶¶ 3, 5)); and Colonial has deposited the disputed benefits into the Court's registry (Dkt. No. 33). Moreover, Colonial has shown that there are multiple competing claims to the benefits and that it has no interest in the funds at issue. Accordingly, the Court will grant Colonial's motion for interpleader relief, enjoin the defendants from suing Colonial over the disputed funds, discharge Colonial from liability, and dismiss Colonial from this case. *See* 28 U.S.C. § 2361.

Colonial has also shown that it is entitled to recover its attorneys' fees and costs in bringing this action. Typically, a plaintiff "should be awarded attorney fees for the services of [its] attorneys" in instituting an interpleader action. *Schrimer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir. 1962). This is because, in "bringing the action, the plaintiff benefits all parties 'by promoting early litigation on the ownership of the fund, thus

ORDER ON PLAINTIFF'S MOTION FOR INTERPLEADER RELIEF, DISCHARGE OF LIABILITY, DISMISSAL WITH PREJUDICE, AND ATTORNEYS' FEES - 5

preventing dissipation.'" *Trs. of Directors Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir.) (quoting *Schirmer Stevedoring*, 306 F.2d at 193), *opinion amended on denial of reh'g*, 255 F.3d 661 (9th Cir. 2000). "The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court." *Id.* No party has objected to Colonial's request for fees and costs. Having reviewed the declaration of Colonial's counsel (Dkt. No. 41-1) and considered the hours expended by its attorneys and paralegals, the Court finds that the requested flat fee of $6,000 in attorneys' fees plus $794 in costs to be appropriate.

**C.      Time for Claimants to Interplead Their Claims**

This case will now proceed to the second phase, in which the Court will adjudicate the competing claims to the remaining 50% of the disputed life insurance benefits that are currently in the Court's registry. Accordingly, **the Court DIRECTS Deloris, J. Edmonds, D.E., D.D.E., Anitra, Joseph, and J. Gillis, Sr. to do as follows:**

(1)      If you intend to claim any portion of the remaining money under the life insurance policies, **you must submit a written statement** of no more than **ten pages** setting forth why you believe you are entitled such portion of the benefits. Your statement should be submitted no later than **June 22, 2026**. If you do not file a statement in response to this order, the Court may assume that you do not intend to claim any portion of the benefits and you may lose your ability to do so.

(2)      Your written statement should identify legal authorities, such as statutes (e.g., the Revised Code of Washington) or cases decided by courts, that support your claim to the remaining benefits.

(3)      If you require an extension of time to file your written statement, you should request an extension in writing by filing a "motion"—which means a formal request for the Court to take action. For instructions on filing motions and for other useful information about the Court's

ORDER ON PLAINTIFF'S MOTION FOR INTERPLEADER RELIEF, DISCHARGE OF LIABILITY, DISMISSAL WITH PREJUDICE, AND ATTORNEYS' FEES - 6

procedures and rules, you should refer to the Western District of Washington's Pro Se Guide for litigants who are proceeding without an attorney, available on the Court's website at https://www.wawd.uscourts.gov/representing-yourself-pro-se.

### III.  CONCLUSION

Accordingly, Colonial's motion for interpleader relief, discharge of liability, dismissal with prejudice, and attorneys' fees is GRANTED.  Dkt. No. 41.  Colonial is ORDERED to serve this order on each Defendant via certified mail and to file a proof of service.

(1)    Defendants Deloris Jean Gillis, Joseph Ingram Gillis, Sr., Jennifer C. Edmonds, D.E., D.D.E., Anitra C. Gillis, and Joseph I. Gillis, Jr., their agents, attorneys, and/or assigns, are enjoined and restrained from instituting or prosecuting any action in any court or forum against Colonial related to the recovery of the disputed death benefits payable under Colonial Life & Accident Insurance Company Policy Nos. 7028395490 and 6034449440 which are the subject of this interpleader action;

(2)    Defendants are required to claim and settle among themselves their rights to the disputed death benefits under Colonial Life & Accident Insurance Company Policy Nos. 7028395490 and 6034449440;

(3)    Colonial is discharged from any and all liability under Colonial Life & Accident Insurance Company Policy Nos. 7028395490 and 6034449440 with respect to the death of Joe Ingram Gillis;

(4)    Colonial is dismissed from this action with prejudice, effective upon Colonial filing proof of service of this order upon each Defendant;

(5)    Colonial hereby is awarded its reasonable attorneys' fees and costs in the amount of $6,794.00, which amount shall be deducted from the disputed death benefits deposited into the Court's Registry on June 27, 2025; and

ORDER ON PLAINTIFF'S MOTION FOR INTERPLEADER RELIEF, DISCHARGE OF LIABILITY, DISMISSAL WITH PREJUDICE, AND ATTORNEYS' FEES - 7

(6)    Deloris Jean Gillis, Joseph Ingram Gillis, Sr., Jennifer C. Edmonds, D.E., D.D.E., Anitra C. Gillis, and Joseph I. Gillis, Jr. are each ORDERED to file a written statement of no more than ten pages by June 22, 2026.  Each statement shall explain why you believe you are entitled to all or a portion of the remaining death benefits.

Dated this 5th day of May, 2026.

Kymberly K. Evanson
United States District Judge