UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLONIAL LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>Plaintiff(s),<br><br>v.<br><br>DELORIS JEAN GILLIS, et al.,<br><br>Defendant(s). | CASE NO. C25-0350-KKE<br><br>ORDER ON INTERPLEADER CLAIMS |

This is an interpleader case in which the Court is asked to determine who, among several claimants, is entitled to benefits from two life insurance policies issued to decedent Joe Ingram Gillis. The claimants are, on one hand, the decedent's widow who claims entitlement under Washington's community property law, and, on the other, certain of his children and grandchildren who are named in the policy. Finding that the life insurance policies were community property of the decedent and his widow, the Court determines that the decedent's widow is entitled to the remaining insurance benefits.

## I. BACKGROUND

Two previous orders of the Court set forth the facts of this case. Dkt. Nos. 43, 51. The Court reiterates them here to the extent relevant to resolving the competing interpleader claims.

This is an interpleader action involving competing claims to death benefits payable under two life insurance policies issued by Colonial Life and Accident Insurance Company's

("Colonial"). Colonial issued the policies to Joe Ingram Gillis, ensuring that, in the event of his death, Colonial would pay a combined total of $103,104 to his designated beneficiaries. Dkt. No. 1 ¶¶ 13, 15, 1–17. In August 2020, Colonial received forms signed by the decedent designating six beneficiaries, all of whom are his children or grandchildren: his daughter, Jennifer C. Edmonds ("J. Edmonds"); his son, Joseph Ingram Gillis, Sr. ("J. Gillis, Sr."); and his four grandchildren, D.E., D.D.E., Anitra C. Gillis ("Anitra"), and Joseph I. Gillis, Jr. ("Joseph").[1] *Id.* ¶¶ 4–9, 18. The Decedent died on April 19, 2024, resulting in death benefits becoming payable under the policies. *Id.* ¶ 14–15. His spouse, Deloris Gillis ("Deloris"), was not a designated beneficiary at the time.[2] *Id.* ¶ 19.

After their father's death, J. Gillis, Sr. (on his own behalf) and J. Edmonds (on behalf of herself and her two minor children) made claims to Colonial for the death benefits. Dkt. No. 1 ¶ 20–21. Although not listed as a beneficiary, Deloris made a competing claim to 50% of the benefits based on Washington's community property law. *Id.* ¶ 22. Colonial distributed the undisputed 50% to the named beneficiaries. *Id.* ¶ 24. Colonial then instituted this interpleader action to resolve the adverse claims to the disputed half. Colonial sought to deposit the disputed funds into the Court's registry under the federal interpleader statute, 28 U.S.C. § 1335, and requested an order releasing it from liability under the policies, enjoining each Defendant from suing Colonial to recover the funds, and requiring Defendants to litigate—and for the Court to resolve—the competing claims to the disputed benefits in this action. *Id.* at 7.

Colonial obtained waivers of service from each Defendant. Dkt. Nos. 5, 7, 9, 10, 21–24. But only Deloris; J. Gillis, Sr.; and J. Edmonds—on behalf of herself, D.E., and D.D.E.—answered

[1] D.E. and D.D.E.—who are referred to by their initials because they are minors—are J. Edmonds' children. Dkt. No. 1 ¶ 5.

[2] Because many of the claimants share a surname, this order will, for clarity, refer to Deloris, Anitra, and Joseph by their first names. No disrespect is intended.

the complaint. Dkt. Nos. 13, 20, 30. Anitra and Joseph never answered, and the clerk entered defaults against them. Dkt. Nos. 34, 37. The Court granted Colonial's motion to deposit the disputed funds, totaling $51,552 plus interest, into the Court's registry. Dkt. Nos. 29, 31. And Colonial deposited the funds in June 2025. Dkt. No. 33. The Court then partially granted Colonial's motion for default judgment against Anitra and Joseph, enjoining them from suing Colonial over the disputed benefits and discharging Colonial of liability with respect to their claims. Dkt. No. 43 at 11.

In October 2025, the Court directed J. Edmonds, who is proceeding *pro se*, to obtain counsel for her two minor children, D.E. and D.D.E. Dkt. No. 42. As the Court explained, "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). Having received no response, the Court issued an order to show cause why a guardian ad litem should not be appointed and, after again receiving no response, appointed Elena Garella as guardian ad litem to represent D.E. and D.D.E. Dkt. Nos. 45, 47.

In May 2026, the Court granted Colonial's motion for interpleader and other related relief Dkt. Nos. 51, 54. The Court discharged Colonial of liability to the claimants, directed the claimants to settle among themselves their rights to the disputed death benefits, and dismissed Colonial from the case. Dkt. No. 54 at 7–8. Finally, the Court directed the claimants to submit written briefs explaining why they believe they are entitled to the remaining death benefits. *Id.* at 8.

Deloris; J. Gillis, Sr.; J. Edmonds; and Ms. Garella, on behalf of D.E. and D.D.E., all filed written statements concerning the disputed benefits. Dkt. Nos. 53, 57, 58, 59. Deloris; J. Gillis, Sr.; and J. Edmonds each claimed entitlement to some portion of the benefits. Dkt. Nos. 53, 57, 59. However, Ms. Garella, the guardian ad litem, reported that, upon investigation into the case,

she concluded that Deloris—not D.E. or D.D.E.—is entitled to the funds. Dkt. No. 58. Having received written submissions from all claimants, except those against whom default has been entered, the Court may now resolve the competing claims to the disputed benefits.

## II. DISCUSSION

The dispute in this case centers on whether the life insurance policies at issue were community property such that the decedent needed his wife Deloris's consent to designate the entire proceeds to his children and grandchildren. Under Washington law, if a life insurance policy is community property, the policyholder may designate only one-half of the proceeds to a beneficiary other than their spouse without the spouse's written consent. *Francis v. Francis*, 573 P.2d 369, 371–72 (Wash. 1978). This rule follows from the principle that each spouse has an undivided one-half interest in community property and may individually devise or bequeath upon their death only that half. *Id.* at 371; *see also Nichols Hills Bank v. McCool*, 701 P.2d 1114, 1119 (Wash. 1985) ("[E]ach spouse has an undivided one-half interest in community property." (citing *Bortle v. Osborne*, 285 P. 425, 427 (Wash. 1930))); WASH. REV. CODE § 26.16.030(1) ("Neither [spouse] shall devise or bequeath by will more than one-half of the community property.").

In determining whether an asset is community or individual property, Washington law recognizes a "strong presumption that assets acquired during marriage are community property." *Aetna Life Ins. Co. v. Bunt*, 754 P.2d 993, 995 (Wash. 1988), *opinion modified on denial of reconsideration* (July 28, 1988) (citing WASH. REV. CODE § 26.16.030). A life insurance policy is community property if community funds were used to pay the premium for the most recent term. *Id.*

Here, Deloris contends—and no party disputes—that she and the decedent were married for 58 years and that both policies were purchased with income earned during their marriage. Dkt. No. 57. Ms. Garella likewise states that Deloris and the decedent were married for decades and

that Ms. Garella was unable to identify evidence indicating that the decedent had separate funds with which he purchased the insurance policies.[3] Dkt. No. 58 at 3. Since no party disputes that the policies were purchased using funds acquired during marriage, and there is no evidence of the decedent having paid with separate money, the Court finds that the policies were community property under Washington law.

J. Gillis, Sr. and J. Edmonds each submitted written statements disputing Deloris's entitlement to the remaining benefits. Dkt. Nos. 53, 59. But each of them relies only on the fact that their father intended to designate, and did designate, them (along with his other children and grandchildren) as the beneficiaries on the policies. *See* Dkt. No. 53 at 1 (claiming partial entitlement to remaining benefits "because [the decedent] specifically named me … on the original drafted, agreed, submitted and paid policy"); Dkt. No. 59 at 1–2 (claiming entitlement because the decedent, in a video, "specifically stated he left the funds to his children and grandchildren as written on the claim"). Under Washington law, however, their father required his spouse's written consent to designate the entirety of the life insurance proceeds to his children and grandchildren. *Francis*, 573 P.2d at 371. Thus, even if J. Gillis, Sr. and J. Edmonds are correct that their father intended for the entire proceeds to go to them and the other named beneficiaries, they would still be unable to recover the funds unless they could show that Deloris consented in writing to the designation.

Because there is no indication that Deloris did so, the Court finds that the remaining 50% of the death benefits belong to her. However, as indicated in the Court's order appointing Ms. Elena Garella as guardian ad litem, Ms. Garella is entitled to compensation for her services from

[3] Ms. Garella states that the decedent and Ms. Garella married in 1971—53 years before his death. Dkt. No. 58 at 3. Whether the correct figure is 53 or 58 years makes no difference to the Court's conclusion that the life insurance policies were community property of the married couple.

the proceeds deposited into the Court's registry "in an amount to be determined on a motion by Ms. Garella at the end of this case." Dkt. No. 47 at 2. Accordingly, before ordering the disbursement of funds to Deloris, the Court will direct Ms. Garella to file any motion for her reasonable fees and expenses.

## III. CONCLUSION

Guardian ad litem Elena Garella is DIRECTED to file a motion for reasonable fees and expenses in connection with her services as guardian ad litem for claimants D.E. and D.D.E. no later than September 16, 2026. Claimant Deloris Jean Gillis may file a response to the motion, if any, no later than September 23, 2026. The Court shall issue a subsequent order authorizing the disbursement of funds from the Court's Registry to Deloris Jean Gillis and/or Elena Garella.

Dated this 26th day of August, 2026.

Kymberly K. Evanson
United States District Judge