UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLONIAL LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>Plaintiff(s),<br><br>v.<br><br>DELORIS JEAN GILLIS, et al.,<br><br>Defendant(s). | CASE NO. C25-0350-KKE<br><br>AMENDED[1] ORDER GRANTING GAL FEES AND DIRECTING DISBURSEMENT |

The history of this interpleader action is detailed in the Court's August 26, 2026, order on interpleader claims and will not be repeated in full here. Dkt. No. 60. In brief, the Court granted Plaintiff Colonial Life's motion to deposit disputed funds, totaling $58,255.17 ($51,552.00 plus interest), into the Court's registry. Dkt. No. 33. In May 2026, the Court granted Colonial's motion for interpleader and other related relief. Dkt. Nos. 51, 54. Pursuant to the Court's order (Dkt. No. 54), a registry disbursement in the amount of $6,794.00 was made to Colonial Life. *See* Dkt. Entry

[1] The original order (Dkt. No. 62) contained a clerical error that affected the calculation of the disbursement amounts. A court may *sua sponte* correct a clerical error whenever one is found in a judgment, order, or other part of the record). Fed. R. Civ. P. 60(a). The calculations in the original order did not account for the June 2, 2026 registry disbursement in the amount of $6,794.00 made to Colonial Life & Accident Insurance Company pursuant to the Court's May 12, 2026 order. Dkt. No. 54; Dkt. Entry 06/02/2026. The original principal amount of funds deposited in the registry was $58,225.17 ($51,552.00 plus interest). *See* Dkt. Nos. 29, 31, 33. Following the June 2, 2026 registry disbursement of $6,794.00, the total principal amount now stands at $51,461.17. *See id.*; Dkt. No. 54; Dkt. Entry 06/02/2026. Accordingly, it is that principal amount ($51,461.17) and not the amount erroneously stated in the original order ($51,552) (Dkt. No. 62), from which the disbursements are appropriately calculated.

06/02/26. The Court then evaluated the claims to disputed funds by the claimants and issued an order resolving the competing claims. Dkt. No. 60. In the course of the Court's review, the Court appointed Elena Garella to serve as guardian ad litem ("GAL") on behalf of two minor claimants.

Consistent with the Court's order resolving claims, Ms. Garella has filed a motion for reasonable fees and expenses incurred in the course of her appointment in this case. Dkt. No. 61. Claimant Deloris Jean Gillis did not file a response to the motion.

Ms. Garella seeks $2,240.00 in fees and costs and has submitted a declaration documenting the 6.4 hours expended in her role as GAL in this case. In light of the modest amount in controversy and because she served as a GAL instead of an attorney, Ms. Garella seeks to recover a reduced rate of $350 per hour, instead of her customary rate of $450 per hour. Dkt. No. 61 at 2. The Court has reviewed the detailed time records submitted in support of the request and finds both the time expended and the hourly rate to be reasonable. Accordingly, the motion for GAL fees is GRANTED. Dkt. No. 61.

The clerk is authorized and directed to draw checks on the funds deposited in the registry of this court in the principal amount of $51,461.17 plus all accrued interest, payable as follows:

Check 1: $2,240 of the principal amount to Elena Garella and mailed to Law Office of Elena Garella PLLC.

Check 2: $49,221.17 (principal – GAL funds) plus 100% of the interest accrued to Delores Jean Gillis and mailed to Delores Jean Gillis.

The checks are to be mailed by the Clerk to the addresses provided by the parties to the Clerk's Office Finance Department upon entry of this order and provision of the parties of completed IRS W-9 forms pursuant to LCR 67(b).

Dated this 22nd day of October, 2026.

Kymberly K. Evanson
United States District Judge